[Civ. No. 7809. Second Appellate District, Division One.—December 22, 1931.]

ADELIA ANNETTE ANGEL, Respondent, v. LURA ANGEL JOLLY, Appellant.

Walter Gould Lincoln for Appellant.

H. A. Miller and J. W. Falkner for Respondent.

CONREY, P. J.—The plaintiff is the mother of the defendant. In the year 1925, and prior thereto, plaintiff was the owner of the property described in the complaint and was living thereon with the defendant and the defendant's husband. In the year 1925 the plaintiff signed and acknowledged a grant deed of said property to the defendant and placed the same in the plaintiff's safe deposit box, intending that it should be delivered to the defendant at plaintiff's death. This deed, hereafter referred to herein as the first deed, was never delivered, but remained in plaintiff's possession at the time of trial of this action. The foregoing facts are admitted, except that appellant now suggests that there is no evidence that plaintiff had title to the property and that therefore plaintiff is not in a position to demand a decree quieting title. We think, however, that the case was tried upon the theory, accepted by both parties at the trial, that plaintiff was the owner of the property unless she had conveyed it to the defendant. Incidentally there is abundant evidence that the plaintiff does have the title unless the defendant is entitled to prevail by virtue of the deed of conveyance to her. The chief controversy is over what is called the second deed.

The plaintiff alleged that in March, 1926, the defendant and her husband falsely and fraudulently represented to the plaintiff that her first deed was void for the reason that it had become outlawed; that relying on said statement and being thereby deceived, the plaintiff signed and acknowledged a new deed upon the understanding that the new deed would be placed in plaintiff's safe deposit box and there remain and not be delivered or recorded until after the death of the plaintiff; that thereupon after plaintiff had acknowledged and signed said deed defendant, without the consent

of the plaintiff and against her will and protest, took possession of said deed and thereafter caused it to be recorded in the official records of the county. Omitting some of the details of fact alleged in the complaint, the foregoing allegations of fact constitute the principal issues tendered, and which were denied by the answer, and upon which the court made its finding in favor of the plaintiff, and the judgment was entered from which the defendant appeals.

At the time of the trial of this action in May, 1929, the plaintiff was eighty-nine years of age. Nevertheless, she appears to have had a very good memory, and her statement of facts as shown in the record was quite as clear and distinct as that of the defendant. In their testimony they directly contradict each other concerning the transactions between them in relation to the second deed. The court having found those facts in favor of the plaintiff, and the findings being abundantly sustained by the evidence, we must accept those findings as true.

In the brief for appellant we find a series of twelve sentences or clauses of the findings which appellant claims are not sustained by the evidence. Upon examination we find, as to some of these assignments of error, that the findings are sustained by the evidence, and as to the others that they are not of substantial importance or materiality.

Appellant claims further that the court erred in failing to find upon the issues presented in relation to certain of the alleged fraudulent acts of the defendant, and also failed to find upon the allegation made in the answer that the plaintiff in July, 1928, in violation of her agreement with the defendant, made and delivered to her son C. D. Rogers a grant deed conveying said real property to him. On the first part of this objection it appears that there were some allegations of fraudulent acts on the part of the defendant, concerning which no evidence was introduced, and that the court failed to make any findings thereon. This, however, had no effect upon the result of the action. As to the second objection, in relation to the deed made to C. D. Rogers, the matter is sufficiently covered by the court's finding that the agreement alleged in the answer was not made. Therefore, there could have been no violation thereof. The evidence does show that after the plaintiff learned that the defendant had recorded the second deed, she caused to

be executed and recorded a deed to her son for the purpose of blocking any sale and conveyance of the property by the defendant. But the evidence does not show that such deed was ever delivered to C. D. Rogers, or that any title was thereby conveyed to him. We think that the failure to make a specific finding on this question had no effect upon the result of the action.

There is a series of additional points suggested by appellant in her brief: such as, that there is a fatal variance between the allegations of the complaint and the proof; that the plaintiff was guilty of laches; that no delivery of the second deed was necessary; that the second deed was delivered. We think that there is no merit in either one of these assignments of error or in those others of lesser importance which complete the list. In view of our conclusions upon the facts which have been stated, the plaintiff was entitled to the judgment which was rendered in her favor. We think it unnecessary to extend the discussion further.

The judgment is affirmed.

Houser, J., and York, J., concurred.